# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE A. UMANZOR,<br><br>　　　　Petitioner,<br><br>　v.<br><br>J. SOTO, Warden,<br><br>　　　　Respondent. | Case No. LA CV 15-2881 CJC (JCG)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND DENYING CERTIFICATE OF APPEALABILITY** |

　　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the Magistrate Judge's Report and Recommendation, Petitioner's Objections to the Report and Recommendation, and the remaining record, and has made a *de novo* determination.

　　　　Petitioner's Objections generally lack merit for the reasons set forth in the Report and Recommendation. There is one issue, however, that warrants brief amplification here.

　　　　Namely, in his Objections, Petitioner contends that his Petition is owed equitable tolling because (1) his "national language is Spanish"; (2) he needed "to find a loyal competent inmate due to the sensitive nature of the case"; and (3) he received ineffective assistance of counsel. (*See* Objections at 1-2.) Petitioner is mistaken.

　　　　As a rule, AEDPA's limitation period is subject to equitable tolling only if

Petitioner can show that (1) he pursued his rights diligently and (2) an "extraordinary circumstance prevented timely filing." *Yeh v. Martel*, 751 F.3d 1075, 1077 (9th Cir. 2014). Generally, "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (citation omitted).

Here, first, Petitioner bears the burden to demonstrate that he diligently pursued his federal claims during the limitation period, including *by attempting to overcome his language barrier. See, e.g.*, *Nguyen v. Lamarque*, 203 Fed. App'x 762, 763-64 (9th Cir. 2006) (equitable tolling inappropriate where petitioner failed to show, and nothing in the record demonstrated, that he pursued his claims diligently despite his language barrier). In the instant case, where Petitioner waited *nearly twenty years* after his conviction to file his Petition, he fails to demonstrate such diligence.

Second, Petitioner's reliance on an inmate to prepare his Petition also does not warrant tolling. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."); *Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010) (no tolling for delay caused by "reliance on [inmate] helpers"); *Myles v. United States*, 2008 WL 5110971, at *3 (N.D.N.Y. Dec. 2, 2008) (no tolling where petitioner had no legal experience and was "therefore forced to rely on other inmates for legal assistance, all of whom proved to be unreliable for a variety of reasons").

Third, an attorney's "negligence in general do[es] not constitute [an] extraordinary circumstance[] sufficient to warrant equitable tolling," unless it is sufficiently "wrongful" or "egregious." *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001); *Shannon v. Newland*, 410 F.3d 1083, 1090 (9th Cir. 2005). And, even assuming sufficient egregiousness, Petitioner must show that he exercised diligence in pursuing habeas relief, or that his failure to file a timely federal petition was attributable to his counsel's conduct, and not his own. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418-19 (2005); *Bryant v. Schriro*, 499 F.3d 1056, 1061 (9th Cir. 2007)

("The prisoner must show that the extraordinary circumstances were the *cause* of his untimeliness.") (emphasis added) (citation omitted). Here, although Petitioner was made aware of the one-year federal filing deadline *at least* as early as 2003, he did not file his Petition until 2015. (*See* Objections at 2, 4.) On these facts, the Court cannot find that Petitioner exercised the requisite diligence or that "extraordinary circumstances beyond [his] control ma[de] it impossible to file a petition on time." *See Stillman v. LaMarque*, 319 F.3d 1199, 1202 (9th Cir. 2003) (citation omitted).

Thus, the Petition is not entitled to equitable tolling, and remains untimely. *See* 28 U.S.C. § 2244(d).

Accordingly, IT IS ORDERED THAT:

1. The Report and Recommendation is approved and accepted;
2. Judgment be entered denying the Petition and dismissing this action with prejudice; and
3. The Clerk serve copies of this Order on the parties.

Additionally, for the reasons set forth in the Report and Recommendation, the Court finds that Petitioner has not shown that "jurists of reason would find it debatable whether": (1) "the petition states a valid claim of the denial of a constitutional right"; *and* (2) "the district court was correct in its procedural ruling." *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Thus, the Court declines to issue a certificate of appealability.

DATED: May 8, 2015

_____
HON. CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE